United States District Court
Southern District of Texas

**ENTERED**

May 27, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| GLENDA VANESSA | § | CIVIL ACTION NUMBER |
| MEDINA SORTO, | § | 4:26-cv-01989 |
| Petitioner, | § | |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| BRET BRADFORD, *et al*, | § | |
| Respondents. | § | |

**ORDER OF DISMISSAL**

Petitioner Glenda Vanessa Medina Sorto filed a petition for writ of *habeas corpus* on March 11, 2026. Dkt 1. She acknowledges illegal entry into the United States at a prior date but nonetheless asserts that her present detention under 8 USC §1225(b) violates (i) the Due Process Clause of the Fifth Amendment, and (ii) the Immigration and Nationality Act as interpreted in *Bautista v Santacruz*, 813 F Supp 3d 1084 (CD Cal 2025). Dkt 1 at ¶¶39–60.

Prior order noted that the petition appeared to primarily raise issues resolved by the decision of the Fifth Circuit in *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026), and prior decisions by the undersigned. See Dkt 4 at 1–4. Even so, the Government was ordered to show cause with a filing establishing the propriety of Petitioner's continued detention, specifically as to her arguments under procedural due process. Id at 4.

Pending also is a motion by the Government for summary judgment. Dkt 6. It argues that Petitioner's procedural due process arguments fail because any such challenge is necessarily substantive in nature,

§1225(b)(2)(A) mandates Petitioner's detention, and the factors under *Mathews v Eldridge*, 424 US 319 (1979), are inapplicable in light of that mandate. Id at 4–8. It further contends that Petitioner's detention also does not violate substantive due process. Id at 9–12. In reply, Petitioner maintains that the *Mathews* factors are applicable and that her detention violates procedural due process. See Dkt 7 at 5–11.

As noted in prior order, the Fifth Circuit has issued a controlling decision in *Buenrostro-Mendez*. In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under 8 USC §1225(b)(2)(A). See 166 F4th at 502–08.

The undersigned has also determined a number of other issues before and since the Fifth Circuit decided *Buenrostro-Mendez*. For example, see:

- o *Sanchez-Sanchez v Bondi*, 4:26-cv-00144 (SD Tex, Jan 30, 2026): Holding that the order purporting to certify a nationwide class in *Bautista v Santacruz* exceeded the jurisdiction of the Central District of California and has no preclusive effect. See also *Calderon Lopez v Lyons*, 813 F Supp 3d 692 (ND Tex) (Hendrix, J) (detailing jurisdictional issues), and *Bautista v Department of Homeland Security*, 26-1044 (9th Cir), Dkt 17 (staying district court order insofar as it extends beyond the Central District of California upon determination that "the government [ ] made a strong showing that . . . the district court exceeded its jurisdiction in certifying a nationwide class").

- o *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex): Holding that (i) procedural due process doesn't require an individualized custody determination beyond the mandate of 8 USC §1225(b)(2)(A), and (ii) pre-removal-order detention without a bond hearing

2

pending removal proceedings didn't violate substantive due process, where not exceeding the presumptively reasonable six-month period enunciated in *Zadvydas v Davis*, 533 US 678, 701 (2001), as to post-removal-order detention.

The arguments presented by Petitioner in the petition and reply brief raise only issues resolved to the contrary in the decisions cited above.

The motion by the Government for summary judgment is GRANTED. Dkt 6.

The petition for writ of *habeas corpus* by Petitioner Glenda Vanessa Medina Sorto is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on __May 26, 2026__ , at Houston, Texas.


_____
Honorable Charles Eskridge
United States District Judge